UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00229-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **AHKEEM TAHJA MCDONALD,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of defendant Ahkeem Tahja McDonald's "Waiver of Arraignment" (#479). Review of the docket reveals that in response to such filing, the court cancelled this defendant's July 8, 2016, arraignment on the Third Superseding Indictment. Upon the court's review of Rule 10, Federal Rules of Criminal Procedure, the court has determined that cancellation of the arraignment itself is not consistent with such rule. Fed.R.Crim.P. 10.

After amendment of Rule 10 in 2002, the court created a form captioned "Waiver of Arraignment," which is similar to the form traditionally used in the courts of the State of North Carolina. In North Carolina, a defendant may not only waive their personal appearance at arraignment, but may waive the arraignment in its entirety. See N.C.Gen.Stat. § 15-945. This is allowable in North Carolina as the arraignment is not a "critical proceeding" as North Carolina does not have statutory speedy trial that uses arraignment to start the clock.

Because arraignment is a critical proceeding in federal court due to, among other things, the Speedy Trial Act, up until 2002 a defendant was required to be physically present at arraignment. Valenzuela-Gonzales v. United States, 915 F.2d 1276, 1280 (9th Cir. 1990). In 2002,

1

the Federal Rules Advisory Committee (with the approval of the Supreme Court and the acquiessence of Congress) allowed a defendant to waive their personal appearance at arraignment. See Advisory Committee Notes, Fed.R.Crim.P. 10 (2002 Amend.). However, in no uncertain terms, the Advisory Committee made it clear that while a defendant could waive their personal appearance, the proceeding itself could not be waived: "It is important to note that the amendment does not permit the defendant to waive the arraignment itself, which may be a triggering mechanism for other rules." Id.

While an arraignment is required on every indictment and superseding indictment. Hamilton v. State of Ala., 368 U.S. 52, 55 (1961) (noting under federal law that "an arraignment is a *sine qua non* to the trial itself"), failure to object before judgment makes such error harmless. United States v. Boruff, 909 F.2d 111, 118 (5th Cir. 1990). As this case involves possible penalties that include death, the court believes it is important to correct even harmless error not just to avoid litigation of the issue on appeal and substantial costs, but to assure that all of the rights of this defendant are fully protected.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Clerk of Court is instructed to schedule an arraignment on the Third Superseding Indictment for Ahkeem Tahja McDonald before a United States Magistrate Judge as soon as possible, and note well that this defendant has waived his personal appearance at such proceeding, but not the conduct of the proceeding itself, which is not waivable.

Signed: July 13, 2016

Max O. Cogburn Jr
United States District Judge