UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-229-11-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **AHKEEM MCDONALD,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion for Judgment of Acquittal.

Federal Rule of Criminal Procedure 29(c)(2) states that, when a jury returns a guilty verdict, "the

court may set aside the verdict and enter an acquittal." In doing so, the defendant who challenges

the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064,

1067 (4th Cir. 1997) (citations and quotations omitted). Such reversal is "reserved for the rare

case 'where the prosecution's failure is clear.'" Id. (quoting Burks v. United States, 437 U.S. 1,

17 (1978)). In reviewing the sufficiency of the evidence, the court "is to construe the evidence in

the light most favorable to the government, assuming its credibility, and drawing all favorable

inferences from it, and will sustain the jury's verdict if any rational trier of fact could have found

the essential elements of the crime charged beyond a reasonable doubt." United States v.

Penniegraft, 641 F.3d 566, 571 (4th Cir. 2011). "If there is substantial evidence to support the

verdict, after viewing all of the evidence and the inferences therefrom in the light most favorable

to the Government," the Rule 29 motion must be denied. United States v. Murphy, 35 F.3d 143,

148 (4th Cir. 1994) cert. denied, 513 U.S. 1135 (1985). "Substantial evidence" is defined as

"evidence that a reasonable finder of fact could accept as adequate and sufficient to support a

conclusion of a defendant's guilty beyond a reasonable doubt." United States v. Burgos, 94 F.3d

849, 862 (4th Cir. 1996) (en banc); United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). In

evaluating the evidence, the court "cannot make [its] own credibility determinations but must

assume that the jury resolved all contradictions in testimony in favor of the Government." United

States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993); United

States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (holding that credibility determinations are

reserved for the jury, and if different interpretations exist, the jury decides which to believe).

Finally, evidence is reviewed "in its totality, not in isolation, and the government need not negate

every possible theory of innocence." United States v. Cote, 544 F.3d 88, 98 (2d Cir. 2008).

Here, the court finds that, after reviewing the evidence in the light most favorable to the

government, the evidence was sufficient for a rational finder of fact to find the elements of the

crimes beyond a reasonable doubt. For Count One, defendant claims that there was insufficient

evidence for a reasonable trier of fact to find beyond a reasonable doubt to show that defendant

had agreed that he or another coconspirator would commit at least two of the alleged

racketeering acts. However, as evidence presented at trial showed, there was more than sufficient

evidence that defendant was aware of racketeering activities by fellow gang members. The

Facebook records alone discuss killing for the gang, obstruction of justice, drug distribution, and

robberies. As such, the court finds that a reasonable trier of fact would find beyond a reasonable

doubt that defendant knowingly and willfully agreed that he or some other member of the

conspiracy would commit at least two racketeering acts.

For Counts Two and Three, defendant argues there was insufficient evidence to show that

defendant committed the murder of Kwamne Clyburn, pointing to a lack of physical evidence

and eyewitness testimony. Defendant argues that the evidence used instead, including out-of-

court statements presented via cooperating witnesses with an incentive to help the government, is insufficient. However, defendant's arguments largely rely on discrediting the testimony and evidence provided. As already established, credibility determinations are left to the jury; the court is not to analyze credibility itself at this stage. <u>United Med. & Surgical Supply Corp.</u>, 989 F.2d at 1402; <u>Wilson</u>, 118 F.3d at 234. As a result, the court declines to reevaluate the credibility of the witnesses in question, as the jury has already done so and clearly found them to be credible enough to convict defendant. In looking at the evidence in question, the court finds it to be sufficient for a reasonable trier of fact to find the elements of counts two and three were met. Three different witnesses testified to the events of the Clyburn murder, and the government provided further corroborative evidence in the form of written documents and one of the murder weapons. As a result, the court cannot find any "clear failure" by the prosecution, <u>Beidler</u>, 110 F.3d at 1067; indeed, there is more than sufficient evidence to support the jury's findings. In sum, this court has reviewed the evidence and related inferences in the light most favorable to the government, and found that substantial evidence supports the verdict. Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

     **IT IS, THEREFORE, ORDERED** that defendant's Motion for Judgment of Acquittal (#743) is **DENIED**.

Signed: November 27, 2017

Max O. Cogburn Jr
United States District Judge